```
 1  BINGHAM McCUTCHEN LLP
    DEVIN M. MCDONELL (SBN 267745)
 2  Three Embarcadero Center
    San Francisco, CA 94111
 3  Tel.: (415) 393-2358
    Fax: (415) 393-2286
 4  devin.mcdonell@bingham.com

 5  Attorney for Defendant
    RCN Telecom Services LLC
 6
 7
 8                UNITED STATES DISTRICT COURT
 9                NORTHERN DISTRICT OF CALIFORNIA
10                    SAN FRANCISO DIVISION
11
```

| | |
|---|---|
| BETSY FEIST, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RCN CORPORATION and PAXFIRE, INC.,<br><br>Defendants. | Case No. CV12-80135 MISC RS (DMR)<br><br>**DECLARATION OF PETER D. JACOBY IN SUPPORT OF DEFENDANT PAXFIRE, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN PORTIONS OF ITS OPPOSITION TO NONPARTIES ELECTRONIC FRONTIER FOUNDATION AND PETER ECKERSLEY'S MOTION TO QUASH SUBPOENAS AND REQUEST FOR PROTECTIVE ORDER**<br><br>Judge: Mag. Judge Donna M. Ryu<br>Place: Courtroom 4, 3rd Floor (Oakland) |

I, Peter D. Jacoby, declare as follows:

1. I am Director of Internet Engineering of Defendant RCN Telecom Services LLC (improperly named in this matter as RCN Corporation) ("RCN"). I have personal knowledge of the facts stated within this Declaration and could testify competently to them if required.

2. Pursuant to Civil Local Rule 79-5(d), I submit this Declaration in support of Administrative Motion of Defendant Paxfire, Inc. ("Paxfire") for Leave to File Under Seal Document Submitted in Support of Opposition to Nonparties Electronic Frontier Foundation and Peter Eckersley's Motion to Quash Subpoenas and Request for Protective Order (Dkt. 20) ("Paxfire's Administrative Motion").

3. I have reviewed the document attached as Exhibit H to the Declaration of Andrew Grosso submitted in support of Paxfire's Opposition to Nonparties Electronic Frontier Foundation and Peter Eckersley's Motion to Quash Subpoenas and Request for Protective Order ("Exhibit H"), and find it to be a true and correct copy of a letter from Ben Traynor, Vice-President of Engineering for Google, Inc. ("Google"), to me, dated December 2, 2009. The document was produced by RCN in response to a discovery request propounded by the Plaintiff in the litigation entitled *Feist v. RCN Corporation and Paxfire, Inc.*, No. 11-CV-5436 (JGK), which is presently pending before the United States District Court for the Southern District of New York (the "S.D.N.Y. Action").

4. RCN has sought to protect Exhibit H and the information therein from public disclosure by designating it CONFIDENTIAL pursuant to the Stipulated Protective Order entered in the S.D.N.Y. Action on May 7, 2012 [Dkt. 58] (the "Stipulated Protective Order"), a true and correct copy of which is attached hereto as Exhibit A. The Stipulated Protective Order allows the parties subject to the Order to designate as "CONFIDENTIAL" – and therefore subject to the limitations on use and disclosure set forth in the Stipulated Protective Order – documents and information that reflect, among other things, "non-public information or material produced for or disclosed to a Receiving Party that the Producing Party reasonably and in good faith believes constitutes or contains trade secrets or other confidential … information" and

"information which would be detrimental to the disclosing party if disclosure to persons other than those specified herein would reasonably be expected to result in injury to the designating party." Stipulated Protective Order, ¶¶ 4 and 2(i) & (iii). RCN designated Exhibit H CONFIDENTIAL prior to producing it, and produced Exhibit H with the understanding that the use and disclosure of that document and the information therein would be limited in the manner set forth in the Stipulated Protective Order.

5. Exhibit H contains non-public, commercially sensitive and confidential information relating to RCN's business relationship with Google. Disclosure of the information contained in Exhibit H would create a risk of significant competitive injury and particularized harm and prejudice to RCN.

6. More specifically, Exhibit H contains sensitive information reflecting on a contractual relationship between RCN and Google and the nature of the business relationship between RCN and Google, which relationship is of critical importance to RCN. Public disclosure of this information would significantly harm RCN's relationship with Google, as well as impact RCN's actual or potential relationships with Google's customers and competitors.

7. The importance and sensitivity of the information in Exhibit H is demonstrated by the fact that it was labeled "GOOGLE CONFIDENTIAL" *by Google* when it was originally transmitted from Google to me. Public disclosure of the information reflected in Exhibit H would thus be contrary to the efforts taken by Google, a non-party to this action, to ensure the confidentiality of Exhibit H and the information therein.

8. Moreover, based on my understanding of the issues presented to the Court in connection with Plaintiff's motion to quash and Paxfire's opposition to that motion, the content of Exhibit H has little (if any) relevance.

9. The proposed order to file Exhibit H under seal is narrowly tailored in that there is no less restrictive means to achieve RCN's overriding interest in protecting the non-public, commercially sensitive and confidential information contained in Exhibit H.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Arlington, Massachusetts on June 26, 2012.

PETER D. JACOBY