SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAMES M. CHADWICK, Cal. Bar No. 157114
TENAYA M. RODEWALD, Cal. Bar No. 248563
379 Lytton Avenue
Palo Alto, California 94301-1479
Telephone:  650.815.2600
Facsimile:  650.815.2601
Email:  jchadwick@sheppardmullin.com
  trodewald@sheppardmullin.com

Attorneys for Non-Parties, ELECTRONIC FRONTIER FOUNDATION and PETER ECKERSLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BETSY FEIST,<br><br>Plaintiff,<br><br>v.<br><br>RCN CORP. and PAXFIRE, INC.,<br><br>Defendants. | Case No. 12-mc-80135-SI (NC)<br>Related cases:<br>    12-cv-80119 SI (NC)<br>    12-cv-80121 SI (NC)<br>    12-cv-80140 SI (NC)<br><br>**OPPOSITION TO PAXFIRE, INC.'S ADMINISTRATIVE MOTION TO STRIKE MOTION OF ELECTRONIC FRONTIER FOUNDATION AND PETER ECKERSLEY FOR *DE NOVO* DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**<br><br>The Hon. Susan Illston |

## INTRODUCTION AND SUMMARY OF ARGUMENT

The Electronic Frontier Foundation and Peter Eckersley (collectively "EFF") are nonparties subpoenaed in a federal customer class-action lawsuit in the Southern District of New York, in which Paxfire, Inc. ("Paxfire" or "Defendant") is a defendant.  Through this Court, Paxfire issued document and deposition subpoenas to EFF, which EFF moved to quash.  (Motion to Quash Subpoenas Issued by Defendant Paxfire, Inc. and Request for Protective Order, No. 12-mc-80135-SI, Dkt. 1 ("Motion to Quash").)  EFF showed that the subpoenas issued to them should be quashed because they violate EFF's First Amendment rights of association, speech, petitioning, and press and the Federal Rules of Civil Procedure.  EFF's Motion to Quash is the only dispute between EFF and Paxfire in this or any other court.

EFF's Motion to Quash was consolidated with motions to quash by plaintiff Betsy Feist ("Plaintiff") and two other nonparties to whom Paxfire issued subpoenas, and referred to Magistrate Judge Cousins.  (No. 12-mc-80135-SI, Dkt. 23.)  The Magistrate Judge granted in part and denied in part EFF's and the other nonparties' motions to quash.  (Order Granting in Part and Denying in Part Motions to Quash, No. 12-mc-80135-SI, Dkt. 30 ("Order").)  However, the Order fails to address EFF's primary claim that if enforced, the subpoenas would violate EFF's First Amendment rights of association, speech, petitioning and press.  The Order also fails to address several other grounds for quashing the subpoenas in whole or in part, and overlooks one category of documents entirely.

EFF timely objected to the Magistrate Judge's Order and requested the Court review EFF's Motion to Quash *de novo*.  (Motion for *De Novo* Determination of Dispositive Matter Referred to Magistrate, No. 12-mc-80135-SI, Dkt. 32 Judge ("Motion for *De Novo* Determination").)  As EFF explained, the Court should review EFF's Motion to Quash *de novo* because it will entirely dispose of the only dispute between EFF and Paxfire, and is therefore dispositive.  (*Id*. at 2-3.)  Moreover, because EFF's Motion to Quash is based on its assertion of First Amendment privileges, the Constitution requires the Court to apply *de novo* review.  (*Id*. at 3-4.)

Paxfire's motion to strike EFF's Motion for *De Novo* Review is baseless and pointless.  Paxfire does not and cannot explain why EFF's Motion to Quash is not dispositive.  Moreover, Paxfire does not address the fact that the Court must apply *de novo* review to EFF's assertion of

First Amendment privileges. In addition, Paxfire already raised its objections to the standard of review EFF requested in its Opposition to EFF's Motion for *De Novo* Review. (No. 12-mc-80135-SI, Dkt. 35, at 6.) Paxfire's motion to strike should be denied.

## I. EFF'S MOTION IS DISPOSITIVE AND MUST BE DETERMINED *DE NOVO*

As EFF explains in its Motion for *De Novo* Determination, a motion to quash a subpoena brought in a court other than the one determining the action "is analogous to a dispositive motion to dismiss because it is not ancillary to a larger proceeding but is the entire proceeding itself." *N.L.R.B. v. Cable Car Advertisers, Inc.*, 319 F.Supp.2d 991, 995 (N.D.Cal. 2004). This is because, when a court determines a motion to quash by a non-party, "the case before the district court is over regardless of which way the court rules." *N.L.R.B. v. Frazier*, 966 F.2d 812, 817 (3rd. Cir. 1992) (holding a magistrate's decision on motion to enforce administrative subpoena is dispositive and must be reviewed *de novo*). *See also In re Rule 45 Subpoena Issued to Cablevision Systems Corp. Regarding IP Address 69.120.35.31*, 08misc347, 2010 WL 2219343, *1 (E.D.N.Y. Feb. 5, 2010).

EFF's Motion to Quash Paxfire's subpoenas is the only matter pending in this Court or any other between EFF and Paxfire. A ruling by this Court will determine the rights of EFF, Mr. Eckersley and Paxfire with regard Paxfire's subpoenas, and dispose of this matter entirely. Therefore a determination of EFF's Motion to Quash is dispositive and the Magistrate Judge's determination must be reviewed *de novo*.

Paxfire asserts that EFF's Motion to Quash was referred to the Magistrate Judge as a discovery dispute, and because EFF did not object to the referral it cannot now seek *de novo* review. (Motion to Strike at 3.) However, the Order referring EFF's motion to the Magistrate Judge did not specify whether the referral was pursuant to Local Rule 72-2 or 72-3. (No. 12-mc-80135-SI, Dkt. 23.) On the other hand, the order assigning EFF's Motion to Quash to this Court provided that matters referred to a magistrate judge would "proceed in accordance with Fed. R. Civ. P. 72(b)." (Order of the Executive Committee, No. 12-mc-80135-SI, Dkt. 28.) In any event, as shown above, the fact that EFF's Motion to Quash concerns discovery doesn't mean that it isn't dispositive.

Paxfire claims that *Highfields Capital Management, LP v. Doe*, 385 F.Supp 2d 969, 971 (N.D.Cal 2005) requires the Court treat EFF's motion as nondispositive. (Motion to Strike, at 3.)

*Highfields* does no such thing.  First, *Highfields* is not on point because it involved a motion to quash a subpoena brought by the **defendant** in the underlying litigation seeking to quash a subpoena issued by the plaintiff.  *Id.* at 970.  Thus, a decision on the defendant's motion to quash did not resolve the entire dispute between the parties.  *Id.* at 971.  Moreover, in *Highfields,* the court applied *de novo* review.  *Id.*  Only in the alternative did it state that to the degree the motion could be characterized as non-dispositive, the result it reached would be the same.[1]  *Id.*

      Paxfire also claims that EFF's authority is distinguishable because it addresses administrative subpoenas.  (Motion to Strike, at 4.)  First, not all of the cases cited by EFF address administrative subpoenas.  (Motion for *De Novo* Determination, at 3.)  Furthermore, Paxfire fails to explain why this distinction matters.  It does not.  The question is whether a decision on the motion to quash "determines with finality the duties of the parties" and "seals with finality the district court proceeding."  *Frazier*, 966 F.2d 817-18.  It is irrelevant whether a subpoena is in aid of administrative proceeding or a proceeding in another district court, because a motion to quash may be dispositive in either circumstance.  *See, e.g., In re Rule 45 Subpoena Issued to Cablevision Systems,* 2010 WL 2219343, *1 (collecting cases and holding that "motions to quash a subpoena brought in a proceeding before a court other than the one determining the action are typically treated as dispositive matters"); *Estate of Ungar v. Palestinian Authority*, 451 F.Supp.2d 607, 610 (S.D.N.Y. 2006) (for magistrate judge's order modifying deposition subpoenas served on nonparty witnesses "the correct standard of review is *de novo* review").

      Finally, Paxfire claims that only motions that dispose of "a ***party's*** claims or defenses" can be considered dispositive.  (Motion to Strike, at 3.)  This is clearly untrue, since courts consider motions to quash administrative subpoenas to be dispositive even though they do not dispose of a party's claims or defenses.[2]  *See Cable Car Advertisers*, 319 F.Supp.2d at 995.

---

[1]  Paxfire also cites *Channelmark Corporation v. Destination Products Intern., Inc.*, No. 99C214, 2000 WL 968818 (N.D.Ill. July 7, 2000).  *Channelmark* is not controlling authority, and did not involve a motion to quash asserting First Amendment privileges.  (*See* Section II, below.)

[2]  Many ruling that don't dispose of claims or defenses are considered dispositive, including "rulings that remand a case to state court, . . . deny a motion to certify a district court order for interlocutory appeal, that deny enforcement of an agency subpoena, and that deny a motion to proceed in forma pauperis."  *Kiobel v. Millson*, 592 F.3d 78, 92 (2d Cir. 2010) (Leval, J., concurring).

Because EFF's Motion disposes of the dispute between these parties in this Court and any court, it is dispositive. Therefore, the Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." 28 U.S.C. § 631(b)(1)(C); FRCP 72(b)(3). In addition, the procedures set forth in Local Civil Rule 72-3, Rule 72(b) and 28 U.S.C. § 636(b)(1)(C) apply.

## II. EVEN IF EFF'S MOTION IS NOT DISPOSITIVE, IT MUST BE DETERMINED *DE NOVO*

Paxfire ignores the fact that the Court must apply *de novo* review regardless of whether EFF's Motion to Quash is denominated "dispositive" or "nondispositive." First, even under the "clearly erroneous or contrary to law" standard, "[t]he magistrate's legal conclusions are reviewed *de novo* to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344 (N.D. Cal. 2010) (citing *United States v. McConney*, 728 F.2d 1195, 1200-1201 (9th Cir.1984) (overruled on other grounds by *Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir.1991))). "[F]or questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s *de novo* standard." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). Moreover, the Court must apply *de novo* review to EFF's assertion of First Amendment privileges. The Constitution guarantees that "personal rights and liberties originating from the Constitution are provided an Article III adjudication." *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 206 (N.D. Cal. 1983); *Art of Living Foundation v. Does 1-10*, No. 10cv05022, 2011 WL 5444622, *3, 100 U.S.P.Q.2d 1604 (N.D.Cal. Nov. 9, 2011). "A magistrate's determination of the plaintiffs' right to civil discovery, notwithstanding a defendant's claim to various First Amendment rights, necessarily involves an adjudication of those Constitutional, rather than legislative, rights." *Adolph Coors*, 570 F.Supp. at 206. Therefore, "[t]o discharge [its] responsibility as an Article III court under these circumstances, it is necessary that [the Court]" apply *de novo* review. *Id.*; *see also Art of Living Foundation*, 2011 WL 5444622, *3 (claim of First Amendment right to anonymous speech must be reviewed *de novo*).

The Magistrate Judge failed to address most of EFF's arguments, including the dispositive First Amendment protections and EFF's assertion of California and First Amendment press

privileges.  EFF's assertion of First Amendment privileges must be reviewed *de novo*.  Similarly, the Magistrate Judge failed to address EFF's assertion of Rule 26(b)(4)(D) protection for documents and its claims of privilege for Category 7 documents, and erred in holding that work product protection only applies after a client formally retains counsel.  These are all questions of law.  EFF has objected to the Magistate Judge's Order on these and other grounds, and these questions of law now must be determined *de novo*.

Paxfire's assertion that it would be prejudiced unless the Court strikes EFF's Motion for *De Novo* Determination is therefore baseless.  Paxfire would not obtain a more favorable standard of review even if EFF's motion was treated as non-dispositive.  Paxfire's complaint that it will be prejudiced because EFF's requested *de novo* determination will cause additional delay is similarly unfounded.  Magistrate Judge Cousins stayed enforcement of his Order until 60 days after the New York court determines Plaintiff's Motion to Dismiss Paxfire's counterclaims. (Order at 15.)  The New York court has not yet ruled on Plaintiff's Motion, and EFF's Motion for *De Novo* Determination is scheduled for hearing on October 19, 2012, well within sixty days from the present.

## III.    CONCLUSION

For the reasons stated above and in EFF's Motion for *De Novo* Determination, EFF respectfully requests the Court deny Paxfire's Administrative Motion to Strike.

Dated:  September 17, 2012            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                      By       */s/  Tenaya Rodewald*
                                             TENAYA M. RODEWALD
                                             Attorneys for Non-parties
                                      ELECTRONIC FRONTIER FOUNDATION and
                                                  PETER ECKERSLEY