IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BETSY FEIST,

        Plaintiff,

   v.

RCN CORPORATION AND PAXFIRE, INC.,

        Defendant.

                                    /

Case No. 12-mc-80135 SI

Related Cases
Case No. 12-mc-80119
Case No. 12-mc-80121
Case No. 12-mc-80140

Underlying Action, Southern District of New York, Case No. 11-cv-5436

**ORDER DENYING MOTION TO STRIKE**

      These miscellaneous related actions arise from motions to quash subpoenas issued from this Court in connection with litigation pending in the Southern District of New York, Case No. 11-cv-5436. The motions to quash were referred to Magistrate Judge Cousins for resolution. *See, e.g.*, Docket No. 6 in 12-mc-80119; Docket Nos. 23-24 in 12-mc-80135. On August 13, 2012, Judge Cousins issued an order granting in part and denying the part the motions to quash. On August 27, 2012, the party seeking the discovery – Paxfire, a defendant in the underlying action – filed a motion for relief from Judge Cousin's order pursuant to Civil Local Rule 72-2, FRCP 72(a) and 28 U.S.C. § 636(b)(1)(A) with respect to all four subpoenas in all four miscellaneous cases. This Court did not set a briefing schedule on Paxfire's objections within fourteen days, and therefore, the motion was deemed denied. Civ. L. R. 72-2.

On August 27, 2012, Electronic Frontier Foundation ("EFF") and Peter Eckersley (collectively "EFF") – non-party targets of the current discovery efforts – filed a motion for de novo determination on Judge Cousin's order, pursuant to FRCP 72(b) and 28 U.S.C. § 636(b)(1)(B). On September 7, 2012, eleven days after EFF's motion was filed, the Court entered a stipulation setting a briefing schedule on EFF's motion. EFF's motion is currently set for hearing on October 19, 2012.

Currently before the Court is Paxfire's administrative motion to strike EFF's motion for a de novo determination. Paxfire argues the motion to strike should be granted because EFF filed its motion for review of Judge Cousin's order under the wrong Local and Federal Rules and code section. Specifically, Paxfire contends that because Judge Cousin's order on the motion to quash dealt with a non-dispositive pretrial matter it must be reviewed under the "clearly erroneous or contrary to law" standard in 28 U.S.C. § 636(b)(1)(A), and not the "de novo" standard required for dispositive matters by 28 U.S.C. § 636(b)(1)(B). Paxfire argues it will suffer prejudice if the motion to strike is denied, because EFF's motion will be reviewed under the incorrect standard and because the time period for the resolution of the enforceability of the subpoenas will be significantly delayed.

EFF responds that the motion to strike should be denied because Judge Cousin's order on the motion to quash was "dispositive" as that term is understood in 28 U.S.C. § 626(b)(1)(B), because Judge Cousin's order addressed all of the issues between EFF and Paxfire. EFF also argues that because its motion to quash raises First Amendment privilege issues, de novo review by this Court is required.

The Court has reviewed the briefs filed and the case law cited and finds that, although resolution of the motions to quash will resolve all the issues in this Court, resolution of the motions to quash will not resolve *all* of the proceedings in federal court – because the underlying action is pending in the Southern District of New York. Therefore, the standard of review is "clearly erroneous" for factual findings and "contrary to law" for legal determinations. EFF does not dispute that a district court will normally review a magistrate judge's order on a motion to quash discovery arising in one of its own cases under the "clearly erroneous" and "contrary to law" standard mandated by 28 U.S.C. § 636(b)(1)(A). The Court sees no reason why a motion to quash discovery that is referred to magistrate

2

judge under 28 U.S.C. § 636(b)(1) should be reviewed under a different standard simply because the discovery is sought in a district other than the one where the underlying case is pending.[1]

The Court agrees with EFF that, as a practical matter, even under the 28 U.S.C. § 636(b)(1)(A) standard, this Court will review Judge Cousin's legal determinations de novo. *See, e.g., PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010) ("for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s de novo standard."); *see also Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010) ("The magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law."). Moreover, given the First Amendment issues raised in EFF's motion to quash – but not addressed in Judge Cousins' order – the Court will also consider the application of constitutional standards to particular facts de novo. *See, e.g., Art of Living Foundation v. Does 1-10*, 2011 WL 5444622, *3 (N.D.Cal. 2011).

Under all these circumstances, the Court will not strike EFF's motion. A briefing schedule was set by the Court, within the time frame specified by Civil Local Rule 72-2, and the issues raised are set for this Court's review and hearing. Paxfire's motion to strike [Docket No. 26 in Case No. 12-80119; Docket No. 36 in Case No. 12-80135] is DENIED.

**IT IS SO ORDERED.**

Dated: October 4, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[1] The cases relied upon by EFF address a markedly different situation – challenges to administrative subpoenas, the resolution of which wold terminate all actions in any district court. *See, e.g., NLRB v. Frazier*, 966 F.2d 812 (3d Cir. 1992); *NLRB v. Cable Car Advertisers, Inc.*, 319 F. Supp. 2d 991 (N.D. Cal. 2004); *but see In re Rule 45 Subpoena Issued to Cablevision Systems Corp. Regarding IP Address 69.120.35.31*, 2010 WL 2219343, 1 at n.1 (E.D.N.Y.,2010) (applying de novo review on magistrate orders re discovery sought in connection with bankruptcy proceeding in other district, but relying exclusively on cases dealing with administrative subponeas and summonses for support of standard of review).

3