SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JAMES M. CHADWICK, Cal. Bar No. 157114
TENAYA M. RODEWALD, Cal. Bar No. 248563
379 Lytton Avenue
Palo Alto, California 94301-1479
Telephone:    650.815.2600
Facsimile:    650.815.2601
Email:        jchadwick@sheppardmullin.com
              trodewald@sheppardmullin.com

Attorneys for Non-Parties, ELECTRONIC FRONTIER FOUNDATION and PETER ECKERSLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BETSY FEIST,<br><br>  Plaintiff,<br><br>  v.<br><br>RCN CORP. and PAXFIRE, INC.,<br><br>  Defendants. | Case No. 12-mc-80135-SI (NC)<br>  Related cases:<br>    12-cv-80119 SI (NC)<br>    12-cv-80121 SI (NC)<br>    12-cv-80140 SI (NC)<br><br>**RESPONSE TO PAXFIRE INC'S OBJECTIONS TO NON-PARTY EFF'S EVIDENCE IN SUPPORT OF REPLY TO MOTION FOR *DE NOVO* DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**<br><br>The Hon. Susan Illston |

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Non-Parties the Electronic Frontier Foundation and Peter Eckersley (collectively "EFF") respectfully request that the Court overrule Defendant Paxfire, Inc.'s ("Defendant's") Objections to Non-Parties Electronic Frontier Foundation and Peter Eckersley's Evidence in Support of Reply to Motion for *De Novo* Determination of Dispositive Matter Referred to Magistrate Judge ("Objections to Cohn Declaration"). (No. 12-mc-80135-SI, Dkt. 40.)

The Court Ordered a briefing schedule for EFF's Motion for *De Novo* Determination of Dispositive Matter Referred to Magistrate Judge ("Motion," No. 12-mc-80135-SI, Dkt. 32) under which EFF was permitted to file a reply in support of its Motion. (Stipulation and Order Extending Briefing Schedule ("Briefing Order"), No. 12-mc-80135-SI, Dkt. 34.) Pursuant to the Court's order, EFF submitted a reply in support of the Motion. The reply was accompanied by the declaration of EFF Executive Director Cindy Cohn ("Cohn Declaration," No. 12-mc-80135-SI, Dkt. 38-2.) EFF submitted the Cohn Declaration for the sole purpose of responding to an allegation and argument Defendant did not raise before the Magistrate Judge but instead made for the first time in its Opposition to EFF's Motion for *De Novo* Determination ("Opposition re *De Novo* Determination"). (No. 12-mc-80135-SI, Dkt. 35.) EFF did not previously have an opportunity to respond to Defendant's new argument, and consistent with the Briefing Order, should be permitted to respond to it and demonstrate that it is baseless.

Moreover, the Court held that EFF's Motion is governed by FRCP 72(a) and Civil Local Rule 72-2. (Order Denying Motion to Strike, No. 12-mc-80135-SI, Dkt. 41 at 2-3.) Consequently, Defendant's Objections to Cohn Declaration based on the procedural requirements of Civil Local Rule 72-3 are moot.

I.   **ARGUMENT**

The Court is aware of the procedural history of this dispute. EFF made a motion to quash subpoenas issued by Defendant, which was referred to Magistrate Judge Cousins. After the Magistrate Judge issued an order granting in part and denying in part the motion to quash, EFF moved for a *de novo* determination. (*See* Order Granting in Part and Denying in Part Motions to Quash, No. 12-mc-80135-SI, Dkt. 30; Motion.) Pursuant to the stipulation of EFF and Defendant,

1  the Court ordered a briefing schedule for EFF's Motion, under which Defendant was permitted to
2  file an opposition by September 12, 2012, and EFF was permitted to file a reply by September 21,
3  2012.  (Briefing Order, No. 12-mc-80135-SI, Dkt. 34 at 1; *see also* Reply, No. 12-mc-80135-SI,
4  Dkt. 38.)

5  In opposing EFF's Motion, Defendant raised a new allegation and argument.  Defendant
6  asserted, for the first time, the unfounded claim that EFF had an agreement to exchange "damaging,
7  albeit incomplete and inaccurate, information that the law firms [of Plaintiff Betsy Feist] would use
8  to file their lawsuit against Defendant" in exchange for the law firms' commitment to "steer *cy pres*
9  awards to EFF."  (Opposition re *De novo* Determination, Dkt. 35 at 1-2; *see also id*. at 18, n. 25
10 ("[I]t is apparent that EFF in [sic] actively soliciting *cy pres* awards as part of its business model,
11 and Defendant believes that this is what it did here."))

12 Defendant did not make this accusation in any prior pleading before this Court, and EFF did
13 not have a prior chance to respond to it.  (*See* Paxfire, Inc.'s Opposition to Nonparties Electronic
14 Frontier Foundation and Peter Eckersley's Motion to Quash Subpoenas Issued by Paxfire, Inc. and
15 Request for Protective Order, No. 12-mc-80135, Dkt. 21; Opposition of Defendant Paxfire to
16 Motion of Witness Jim Giles to Quash Subpoena Duces Tecum, No. 12-mc-80119, Dkt. 9;
17 Opposition of Paxfire, Inc. to Motion of Betsy Feist to Quash Subpoenas to Consultants and Request
18 for Protective Order, No. 12-mc-80121, Dkt. 13; Paxfire, Inc.'s Opposition to Non-Parties
19 International Computer Science Institute and Christian Kreibich's Motion to Quash Subpoenas and
20 Request for Protective Order, No. 12-mc-80140, Dkt. 21.)

21 This accusation is unfounded, and was apparently made as part of Defendant's ongoing
22 attempts to smear EFF and distract the Court from its failure to meet its burden of justifying its
23 discovery requests.[1]  *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1161 (9th Cir. 2010); *Shoen v.*
24 *Shoen* ("*Shoen II*"), 48 F.3d 412, 416 (9th Cir. 1995).  EFF was permitted to file a reply to

---

[1] Defendant offers no evidence in support of its new theory.  In fact, Defendant has made previous implausible and irresponsible accusations in an attempt to portray EFF and numerous other entities as culprits to distract from its own wrongful conduct.  Plaintiff Betsy Feist has summarized some of these unfounded accusations.  (*See* Reply in Support of Feist's Motion to Quash, 12-mc-80121, Dkt. 20, at 1 n. 2.)

Defendant's opposition.  (Briefing Order, No. 12-mc-80135-SI, Dkt. 34 at 1.)  EFF should be permitted to file the Cohn Declaration in support of its Reply, to demonstrate the baselessness of Defendant's new charge.[2]  This was the sole purpose for which EFF submitted the Cohn Declaration.  It simply states that EFF has entered into no agreement with Plaintiff's counsel to recover any *cy pres* award in this case, or in any other case, in its 21 year history.  (*See* Cohn Declaration, ¶ 2.)

Moreover, Defendant's Objections to the Cohn Declaration are based on the procedural requirements of Civil Local Rule 72-3.  (*See* Objections to Cohn Declaration at 1.)  However, the Court has now held that EFF's Motion is governed by FRCP 72(a), 28 U.S.C. § 636(b)(1)(A) and Civil Local Rule 72-2, not Civil Local Rule 72-3.  (Order Denying Motion to Strike, No. 12-mc-80135-SI, Dkt. 41 at 2-3.)  Consequently, Defendant's Objections to the Cohn Declaration based on the procedural requirements of Civil Local Rule 72-3 are moot.

## II.   CONCLUSION

For the reasons stated above EFF respectfully request that the Court overrule Defendant's Objections to Non-Parties Electronic Frontier Foundation and Peter Eckersley's Evidence in Support of Reply to Motion for *De Novo* Determination of Dispositive Matter Referred to Magistrate Judge.  (No. 12-mc-80135-SI, Dkt. 40.)

Dated:  October 5, 2012           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                  By          */s/ Tenaya Rodewald*
                                     TENAYA M. RODEWALD
                                     Attorneys for Non-parties
                                     ELECTRONIC FRONTIER FOUNDATION and
                                     PETER ECKERSLEY

---

[2]  *See also, e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that plaintiff should be permitted to respond to new material introduced in defendants' reply).