SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
JAMES M. CHADWICK, Cal. Bar No. 157114
TENAYA M. RODEWALD, Cal. Bar No. 248563
379 Lytton Avenue
Palo Alto, California 94301-1479
Telephone:    650.815.2600
Facsimile:    650.815.2601
Email:        jchadwick@sheppardmullin.com
              trodewald@sheppardmullin.com

Attorneys for Non-Parties, ELECTRONIC
FRONTIER FOUNDATION and PETER
ECKERSLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BETSY FEIST,<br><br>        Plaintiff,<br><br>   v.<br><br>RCN CORP. and PAXFIRE, INC.,<br><br>        Defendants. | Case No. CV 12 80 135 MISC<br><br>DECLARATION OF TENAYA M. RODEWALD IN SUPPORT OF MOTION TO QUASH SUBPOENAS ISSUED BY DEFENDANT PAXFIRE, INC. AND REQUEST FOR PROTECTIVE ORDER<br><br>Date:<br>Time:<br>Crtrm.:<br><br>The Hon. |

SMRH:405533331.1                    RODEWALD DECLARATION ISO MOTION TO QUASH SUBPOENAS

**DECLARATION OF TENAYA M. RODEWALD**

I, Tenaya M. Rodewald, declare as follows:

1. I am a attorney at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel for non-parties the Electronic Frontier Foundation ("EFF") and Peter Eckersley. I make this Declaration in support of the Motion of Non-parties EFF and Peter Eckersley to Quash Subpoenas Issued by Defendant Paxfire, Inc., and Request for Protective Order.

2. On April 23, 2012, Paxfire, Inc., defendant in a class-action lawsuit pending in the United States District Court for the Southern District of New York, *Feist v. RCN Corporation and Paxfire, Inc.*, No. 11-cv-5436 (S.D.N.Y.) served document subpoenas on EFF and Mr. Eckersley issued from this Court. Attached here to as Exhibit A is a true and correct copy of the document subpoena issued to EFF. Attached here to as Exhibit B is a true and correct copy of the document subpoena issued to Peter Eckersley.

3. On June 1, 2012, Paxfire served deposition subpoenas issued by this Court on EFF and Mr. Eckersley. Attached here to as Exhibit C is a true and correct copy of the deposition subpoena issued to EFF. Attached here to as Exhibit D is a true and correct copy of the deposition subpoena issued to Peter Eckersley.

4. On May 7, 2012, EFF and Mr. Eckersley served objections to the Paxfire document subpoenas. Attached hereto as Exhibits H and I are true and correct copies of the Objections served by EFF and Mr. Eckersley, respectively.

5. On May 14, 2012, I and James Chadwick, another attorney at Sheppard Mullin, conferred by telephone extensively with Andrew Grosso, counsel for Paxfire, in an attempt to narrow the requests in Paxfire's document subpoenas. During the conversation, we inquired into the reasons for Paxfire's requests, including the alleged relevancy to the claims or counterclaims in the action pending in New York. Paxfire's counsel stated repeatedly that Paxfire believed EFF had conspired with Plaintiff's counsel and "instigated" the lawsuit against Paxfire, and he wanted to discover evidence of EFF instigating the lawsuit. He also stated that Plaintiff Betsy Feist alleged that Paxfire profiled customers and sold their personal information and he wanted to investigate the sources of Ms. Feist's alleged knowledge of these matters. Finally, Paxfire's

counsel said that Paxfire had prior disagreements with Google, Inc. and there might be other lawsuits, and he wanted discovery of communications with Google for that reason.

6. Although Paxfire's counsel agreed to narrow some of the requests and clarified others, Paxfire would not agree to significantly reduce the scope of the requests.  My letter also confirms that 'We understand that a principle purpose of the Subpoenas is to obtain information regarding any efforts by EFF or Mr. Eckersley to instigate the present litigation (*Feist v. RCN Corporation and Paxfire, Inc*., No. 11-cv-5436), or other litigation in which Reese Richman LLP or Milberg LLP acted as counsel for a party."  Attached hereto as Exhibit E is a letter I sent Paxfire's counsel confirming the manner in which he agreed to limit Paxfire's Subpoenas to EFF and Mr. Eckersley.

7. During the telephone conference and after, Paxfire's counsel indicated that he would serve a deposition subpoena on Mr. Eckersley and requested we supply possible dates for a deposition.  I spoke to Paxfire's counsel on May 21, 2012 and provided possible deposition dates.  Paxfire's counsel mentioned that he might also serve a deposition subpoena on EFF.  I explained that EFF and Mr. Eckersley would be moving to quash the document subpoenas and would move against any deposition subpoenas issued to Mr. Eckersley or EFF.  I requested Mr. Grosso serve the deposition subpoenas immediately so that EFF and Mr. Eckersley could bring one motion as to all subpoenas.  By May 31, 2012, Paxfire had not served any deposition subpoenas.  I therefore sent Paxfire's counsel a letter requesting that he serve any deposition subpoenas immediately so that they could be addressed in the motion against the document subpoenas.  Attached hereto as Exhibit F is a true and correct copy of my May 31, 2012 letter.  On June 1, 2012, Paxfire served the deposition subpoenas contained in Exhibits C and D hereto.

8. I and other counsel at Sheppard Mullin reviewed the documents EFF and Mr. Eckersley collected in response to Paxfire's document subpoenas.  All but a very few documents were privileged or protected by protected from discovery by one or more of several doctrines:  the First Amendment right of association; California Constitutional and statutory and First Amendment press protections; the Federal Rules of Civil Procedure Rule 26 protections for retained and informally consulted experts; the attorney-client and work-product privileges of EFF

1 and Mr. Eckersley; and Plaintiff's work-product and attorney-client privileges.  Attached hereto as
2 Exhibit G is a privilege log privilege log stating the privileges EFF and Mr. Eckersley assert as to
3 documents withheld on the basis of these privileges and protections.  Only a very small number of
4 documents were responsive to the requests and not privileged or protected.  EFF and Mr.
5 Eckersley will produce these documents.

6    9.   The table below summarizes the categories of documents sought in Paxfire's
7 document subpoenas, the specific Requests applicable to each category, and the privileges and
8 protections EFF and Mr. Eckersley assert as to some or all of the documents in that category.

| Document Category | Applicable Requests | Protections asserted by EFF and Mr. Eckersley |
|---|---|---|
| Internal EFF Communications and Documents | 4, 5, 6 | First Amendment right of association; Constitutional and statutory press protection; EFF's and Mr. Eckersley's attorney-client and work product privileges; Rule 26 retained and informally consulted expert protections; ; Work-product and attorney-client privileges asserted by Plaintiff |
| Communications with Plaintiff's Counsel about other litigation | 1, 2, 3 | Rule 26 retained and informally consulted expert protections; First Amendment right of association; Work-product and attorney-client privileges asserted by Plaintiff |
| Communications with Plaintiff's Counsel about this litigation | 1, 2, 3 | Absolute protection under Rule 26 for informal consultants; First Amendment right of association; Work-product and attorney-client privileges asserted by Plaintiff |
| Communications with third parties - ICSI | 4, 5, 6 | First Amendment right of association; Constitutional and statutory press protection; Absolute protection under Rule 26 for informal consultants; Work-product and attorney-client privileges asserted by Plaintiff |
| Communications with other third parties or sources | 4, 7 | First Amendment right of association; Constitutional and statutory press protection |
| Research and drafts of articles | 5, 6 | First Amendment right of association; Constitutional and statutory press protection; Absolute protection under Rule 26 for informal consultants; EFF's and Mr. Eckersley's attorney-client and work product privileges; Work-product and attorney-client privileges asserted by Plaintiff |

Dated:  June 6, 2012

TENAYA M. RODEWALD