IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BETSY FEIST,

    Plaintiff,

v.

RCN CORPORATION and PAXFIRE, INC.,

    Defendant.
_____/

Misc. Case No. 12-mc-80135 SI

**ORDER ON MOTION FOR REVIEW**

Underlying Action Pending in S.D.N.Y. Case No. 11 CV 5436 JGK

Related Cases:
    12-mc-80119
    12-mc-80121
    12-mc-80140

These miscellaneous related actions arise from motions to quash deposition and document subpoenas issued from this Court in connection with litigation pending in the Southern District of New York, Case No. 11-cv-5436.

**BACKGROUND**

The underlying lawsuit is brought as a class action against defendants RCN, plaintiff Feist's internet service provider; and Paxfire, a company that provided RCN with services that direct ISP end-users to web pages. Feist alleges that defendants knowingly intercepted data intended for various search engines (*e.g.,* Yahoo, Bing or Google) using hardware and/or software provided by Paxfire; and then monitored, manipulated and aggregated that data for marketing without consumers' consent or knowledge. As a result, Feist alleges, defendants violated the Electronic Communications Privacy Act,

18 U.S.C. § 2510; Virginia's Consumer Protection Act; and New York's Unfair Business Practices Act. In addition, the complaint alleges unjust enrichment, breach of contract, and breach of the implied covenant of good faith and fair dealing. Complaint [Docket 1] in S.D.N.Y. Case No. 11-5436. Paxfire filed counterclaims against Feist, alleging that Feist conspired with third-parties, including Electronic Frontier Foundation (EFF) and researchers at the International Computer Science Institute (ICSI), to defame Paxfire and intentionally interfere with Paxfire's contracts and business relationships.[1] Docket No. 46, S.D.N.Y. Case No. 11-5436.

Defendant Paxfire served document subpoenas on: ICSI and three researchers associated with ICSI, (collectively ICSI); EFF and Peter Eckersley, EFF's Technology Projects Director (collectively EFF); and Jim Giles, a journalist with the New Scientist. The document subpoenas served on ICSI and EFF seek the following documents:

(1) documents referencing Feist, defendants or Feist's counsel from 2008 to present;

(2) documents regarding remuneration between Feist and Feist's counsel and EFF or ICSI from 2008 to present;

(3) documents regarding any lawsuit, investigation, or administrative proceeding in which EFF or ICSI participated as a party, witness, expert, consultant or advisor where Feist's counsel were involved, from 2008 to present;

(4) all correspondence and communications from January 2011 to date transmitted by EFF/ICSI and pertaining to Feist, Feist's counsel, defendants and other identified internet service providers, the New Scientist or Jim Giles, Poly NYU, the Netalyzr or DNS Echo Experiment;

(5) all articles transmitted to or from EFF/ICSI regarding Feist, Feist's counsel, defendants, the Netalyzr or the DNS Echo Experiment from April 2011 to date;

(6) all research results and communications concerning defendants;

(7) all correspondence pertaining to Paxfire to, from, or otherwise communicated with

---

[1] On September 18, 2012, the Judge presiding over the underlying action granted in part and denied in part Feist's motion to dismiss the counterclaims. The following counterclaims remain: (1) Paxfire's defamation claim for statements Feist made to reporter Jim Giles prior to the filing of her lawsuit; (2) tortious interference with Paxfire's contract with RCN, with the assistance of EFF as an unnamed coconspirator, based on EFF's August 4, 2011 blog post regarding Paxfire; and (3) tortious interference with Paxfire's relationships with various internet service providers identified in Feist's complaint, with the assistance of unnamed coconspirator EFF's August blog post regarding Paxfire. See Case No. 12-80135, Docket No. 39 at Exhibit B (Transcript of September 18, 2012 Order in S.D.N.Y. Case No. 11-CV-5436 on Motion to Dismiss Counter-claims).

2

Google, Microsoft or Yahoo.[2]

Paxfire also served deposition subpoenas on EFF and ICSI seeking testimony regarding their guidelines for consulting and consulting agreements, including any with Feist or Feist's counsel. Giles, EFF, ICSI and Feist filed motions to quash the discovery subpoenas. The motions to quash were found by the Court to be related to one another, and were referred to Magistrate Judge Cousins for resolution. *See, e.g.*, Docket No. 6 in 12-mc-80119; Docket Nos. 23-24 in 12-mc-80135.

On August 13, 2012, Judge Cousins issued an order granting in part and denying the part the motions to quash. Docket No. 30 in Case. No. 12-80135. In his order, Judge Cousins:

- Quashed the document subpoena to Jim Giles, as the communications at issue were protected by a qualified privilege under New York law that was not overcome by Paxfire;

- Quashed the deposition subpoenas to EFF/Eckersley and ICSI/Kreibich, because the information sought was protected under Rule 26(d)(4)(D).

- Quashed the document subpoenas to EFF and ICSI with respect to categories (1) - (4) for documents generated after July 24, 2011, the date on which Feist retained her counsel, because those documents are protected by the attorney work product doctrine.

- Quashed the document subpoenas to EFF and ICSI with respect to categories (5) and (6) because the documents contain confidential research.

Therefore, under Judge Cousins' order, EFF and ICSI are required to produce documents regarding EFF and ICSI's interactions with Feist and Feist's counsel from 2008 to July 24, 2012, as well as correspondence from January 1, 2011 through July 24, 2012 regarding defendants and other identified internet service providers, the New Scientist or Jim Giles, Poly NYU, the Netalyzr or DNS Echo Experiment. As the discovery allowed was relevant primarily to Paxfire's counterclaims, Judge Cousins stayed his order for sixty days following the New York District Court's ruling on Feist's then-pending motion to dismiss Paxfire's counterclaims.[3] Judge Cousins' order did not address the seventh category

---

[2] The document subpoena served on Jim Giles sought correspondence regarding Feist, Feist's counsel, Paxfire, or the Netalyzr.

[3] As noted above, that ruling was issued on September 18, 2012.

of documents sought in the subpoenas – all communications, unlimited by date, between EFF/ICSI and Google, Microsoft or Yahoo regarding Paxfire – or address the constitutional and journalistic privileges asserted by EFF.

On August 27, 2012, Paxfire filed a motion for relief from Judge Cousins' order pursuant to Civil Local Rule 72-2, FRCP 72(a) and 28 U.S.C. § 636(b)(1)(A) with respect to all four subpoenas in all four miscellaneous cases. Paxfire sought review of Judge Cousins' order on three narrow grounds: (1) the 60 day stay on Judge Cousins' order interfered with the schedule in New York; (2) Paxfire should be allowed to depose Peter Eckersley regarding the subject matters discussed in his declaration in support of EFF's motion to quash and a declaration submitted in support of Feist's sanctions motion in New York; and (3) the document subpoena to ICSI should be enforced because ICSI did not claim to be a consultant to Feist or Feist's counsel even if ICSI's three associated researchers were consultants. Docket No. 31 in Case No. 12-80135. This Court did not set a briefing schedule on Paxfire's objections within fourteen days, and therefore, the motion was deemed denied. Civ. L. R. 72-2.

Also on August 27, 2012, third-parties/movants Electronic Frontier Foundation ("EFF") and Peter Eckersley (collectively "EFF") filed a motion for review of Judge Cousins' order. On September 7, 2012, the Court set a briefing schedule on that motion. For the reasons discussed in this Court's Order on Paxfire's motion to strike, Docket No. 41, the Court will review Judge Cousins' decision to determine whether any factual findings are "clearly erroneous" or any legal conclusions are "contrary to the law." Since the only issue before the Court is EFF's challenge to Judge Cousins' order, the Court's review is limited to Judge Cousins' ruling denying the motion to quash for documents created before July 24, 2012 with respect to document categories (1)-(4), as well as the status of document category (7), which was not addressed in Judge Cousins' order. All other matters are controlled Judge Cousins' decision.

## LEGAL STANDARD

Under Rule 45(c)(3)(A), a court must quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or subjects a person to undue burden. Where, as here, a nondispositive discovery matter has been referred to a magistrate judge for

4

1 determination, a district court judge may reconsider that determination where the magistrate judge's
2 order is clearly erroneous or contrary to law.

## DISCUSSION

As an initial matter, the Court need not reach EFF's arguments with respect to Category 7 documents, which EFF asserts were ignored by Judge Cousins' order. Category 7 of the document subpoenas seeks all "correspondence, including but not limited to email mentioning or otherwise pertaining to Paxfire, to, from, or otherwise communicated with Google, Microsoft, or Yahoo." The Court notes that while Judge Cousins' order does not explicitly mention the status of documents in Category 7, those documents would necessary be included in Category 6. Category 6 is a broad request seeking all "research results *and* communications, including raw data, final conclusions, publications, peer review, and internal discussions, concerning Paxfire or RCN." (Emphasis added). Judge Cousins quashed the subpoenas with respect to Category 6 documents, finding them to be protected confidential research. As such, this Court finds that Judge Cousins' order *necessarily* quashed the subpoenas with respect to Category 7 documents. Paxfire did not ask this Court to review Judge's Cousins' conclusion that EFF did not need to produce Category 6 documents. *See* Docket No. 34. Therefore, there is no need for this Court to reach the Category 7 issue, since these documents are subsumed within the Category 6 request.

Regarding the remaining documents at issue – Categories (1) - (4), with respect to documents created from 2008 through July 23, 2011 – the Court finds that these documents are protected from disclosure by Rule 26(b)(4)(D). Rule 26(b)(4)(D) provides that a party may not "discover facts known or opinions held by an expert who has been retained or specifically employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial" unless exceptional circumstances can be shown. Judge Cousins concluded that Eckersley was a non-testifying expert who was consulted in anticipation of litigation and found that Paxfire had not shown that any "exceptional circumstances" existed. Docket No. 30 at 11; *see also* Declaration of Peter Eckersley, ¶ 20 [Docket No. 6]. As such, Judge Cousins quashed the deposition subpoenas to EFF and Eckersley under Rule 26(b)(4)(D). Judge Cousins' conclusion was not clearly erroneous or contrary

5

to law.

Rule 26(b)(4)(D) broadly covers "facts known or opinions held" by an expert, and does not limit the protection to "facts known" or "opinions held" regarding the litigation or trial at issue. While Judge Cousins applied this protection to quash the deposition subpoenas to EFF and Eckersley (which sought testimony regarding EFF's general policies and practices regarding consulting agreements and case referrals, as well as details regarding consulting agreements and case referrals with Feist's counsel), Judge Cousins did not address whether the Rule also covers the documents sought in the subpoenas. That was error. Though the Rule itself specifically prohibits discovery of facts or opinions of a non-testifying expert through "interrogatories or deposition," courts have extended the protection to document subpoenas as well. *See, e.g., United States Inspection Servs. v. NL Engineered Solutions LLC*, 268 F.R.D. 614, 617 (N.D. Cal. 2010) (collecting cases).

While Paxfire argues that the consultant's protection should not extend to a time before Feist's first communication with her counsel (*i.e*., July 24, 2011), Paxfire has not shown that the broad protection afforded by the Rule[4] does not cover a consultant's facts or opinions developed prior to the inception of the litigation at issue. An attempt to avoid Rule 26(b)(4)(D)'s protection, by focusing on a consultant's facts and opinions developed before any contact with the eventual client, would also implicate Rule 45(c)(3)(B)(ii). Rule 45(c)(3)(B)(ii) provides that a Court may quash or modify a subpoena if the subpoena requires "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not required by party." This part of Rule 45 attempts to protect the expert's intellectual property from compelled disclosure. *See* Adv. Ctte. Notes to Rule 45 (1991 Amendments). Here, the discovery sought by Paxfire – which covers a time before Feist was a "party" – seeks non-party EFF's intellectual property regarding its investigation into defendants, the Netalyzr, the DNS Echo Experiment, as well as EFF's communications with Poly NYU. Paxfire should not be allowed to short-cut its own experts' work by

---

[4] *See, e.g., USM Corp. v. American Aerosols, Inc*., 631 F.2d 420, 424-425 (6th Cir. 1980) ("Since discovery of expert information acquired in anticipation of litigation can only be had in accordance with Rule 26(b)(4), if no provision is made for experts consulted informally in anticipation of litigation, no discovery concerning them is permissible."); *Chiquita Int'l v. M/V Bolero Reefer*, 1994 U.S. Dist. LEXIS 5820 (S.D.N.Y. May 6, 1994) ("Thus, a non-testifying expert is generally immune from discovery.").

6

securing from EFF information about how ISPs may be redirecting web traffic and whether those practices can be identified by using the Netalyzr or other tools.

Moreover, even if Rule 26(b)(4)(D) does not cover the documents at issue, the Court finds that the subpoenas should nonetheless be quashed. As explained below, many of the remaining categories of documents sought from EFF are so intertwined with documents that Judge Cousins ruled did not have to be produced (a ruling not appealed by Paxfire), they are exempt from disclosure; other documents are likely protected as attorney work product; and, finally, the burden on EFF to produce the remaining documents outweighs the marginal relevance of the documents being sought.

As noted above, Paxfire has three remaining counterclaims against Feist. The first is a defamation claim against Feist for statements Feist made to reporter Jim Giles prior to the filing of her lawsuit. Paxfire makes no allegations that EFF had any role in the potentially actionable conversations. The second is a claim of tortious interference with Paxfire's contract with RCN, based on the filing of Feist's complaint, the Jim Giles article about Paxfire in the New Scientist, and EFF's August 4, 2011 blog post regarding Paxfire. EFF is an alleged unnamed coconspirator, but Paxfire makes no allegations that Feist – the only defendant – participated in any way in the EFF blog post. The final counterclaim is for tortious interference with Paxfire's relationships with various internet service providers identified in Feist's complaint, based on the filing of Feist's complaint, the New Scientist article, and EFF's August 4, 2011 blog post. Again, EFF is identified as an unnamed coconspirator, but Paxfire makes no allegations that Feist participated in any way in the EFF blog post. *See* S.D.N.Y. Case No. 11-5436, Docket No. 46 (Amended Counterclaims); *see also* Case No. 12-80135, Docket No. 39 at Exhibit B (Transcript of September 18, 2012 Order in S.D.N.Y. on Motion to Dismiss Counterclaims).

The documents still at issue are: Subpoena Categories 1 & 2 – documents from 2008 through July 23, 2011, that identify or refer to Feist's counsel[5]; Subpoena Category 3 – documents from 2008 through July 23, 2011, regarding any judicial or administrative proceeding where EFF was a party, witness, expert, consultant or advisor and Feist's counsel were involved in any such proceeding; and Subpoena Category 4 – documents generated between January 2011 and July 23, 2011 regarding

---

[5] The request also covers communications regarding Feist, but since Feist did not contact her counsel until July 24, 2011, no responsive records would exist before that date.

7

defendants, various internet service providers, the New Scientist or Jim Giles, Poly NYU, the Netalyzr or DNS Echo Experiment.

The documents sought in the first three categories have little relevance to the claims at issue in the underlying case. The interactions between EFF and Feist's counsel *prior* to the July 23, 2011 date Feist contacted counsel do not provide direct support for the development of a conspiracy by Feist, the only named defendant, with EFF and ICSI to interfere with Paxfire's business contracts and relations. Indeed, the overt acts relied on to support Paxfire's conspiracy-to-interfere claims focus on three events that *all* occurred after July 24, 2011: the August 1, 2011 email between ICSI, Feist's counsel and Jim Giles at the New Scientist; EFF's August 4, 2011 blog post; and the August 4, 2011 filing of Feist's complaint.

In light of this marginal relevance, the burden of production would be quite large: many of the documents sought are likely covered by the attorney-client privilege or the non-testifying consultant and attorney work product doctrines, which would require EFF to undertake a burdensome privilege review. For example, once EFF learned about Paxfire's conduct, EFF initially investigated the issue and considered acting as counsel in a case against RCN and Paxfire. Declaration of Cindy Cohn, ¶¶ 5-6. [Docket No. 3, Case No. 12-80135]. Eventually, EFF decided it would not file the matter itself and referred it to Feist's counsel. *Id*., ¶¶ 6, 9; Eckersley, ¶ 19. Documents regarding EFF's initial investigation into Paxfire and RCN, EFF's discussions with counsel regarding whether to initiate a lawsuit, as well as EFF's own discussions about referring the matter to Feist's counsel would be protected by the attorney-client privilege and/or by the attorney work product doctrine for those documents created in anticipation of litigation.

EFF also explains that it has worked with Feist's counsel in the past as a paid consultant. *See* Eckersley Decl., ¶ 19; Cohn Decl., ¶ 8. Paxfire does not suggest that anything in the privilege log provided by EFF demonstrates that EFF participated in any *other* judicial or administrative proceedings where Feist's counsel were also involved. *See* Declaration of Tenaya M. Rodewald [Docket No. 45 in Case No. 12-80135] at Ex. G (privilege log of all responsive documents). The documents regarding EFF's prior role as a consultant are, likewise, covered by the protection for non-testifying consultants *except* to the extent that EFF was designated as a testifying expert and EFF's work was disclosed.

8

Therefore, the Court concludes that the documents in Category 3 are likewise protected by the consultant's work product doctrine, absent any evidence that EFF was a disclosed trial expert and their work was disclosed.

In sum, given the marginal relevance of the documents sought, the fact that many if not most are covered by protections, and the burden of requiring EFF to undertake a detailed privilege review, the Court finds that EFF's motion to quash the subpoenas with respect to Categories (1) - (3), for documents generated prior to July 24, 2011, should be granted.

Turning to subpoena Category 4, most of EFF's communications regarding defendants – to the extent they are at all relevant to the underlying litigation – would either be protected by the attorney-client privilege and attorney work product doctrine for the reasons discussed above *or* would be covered by Judge Cousins' ruling (not appealed by Paxfire), that research and communications regarding Paxfire and RCN were protected and need not be disclosed. Regarding EFF's communications about the nine ISPs identified in Paxfire's intentional interference claims against Feist, the Court finds there is little relevance of those documents to Paxfire's claims. Paxfire's interference with business counterclaim is based on Feist's alleged intent to interfere with the business relationships between Paxfire and nine ISPs; it rests on the filing of Feist's lawsuit, where Feist identified the nine ISPs; the New Scientist article; and the EFF blog post. Paxfire does not explain what relevance any documents regarding EFF's investigations into these ISPs have to the interference claim, since Feist named the ISPs in her complaint and they were also identified directly in EFF's blog post. The identity of the ISPs, and Feist and EFF's knowledge of them, therefore, is not in dispute.

Regarding communications between January and July 2011, pertaining to the New Scientist or Jim Giles, the documents at issue would be covered by Judge Cousins' ruling quashing the document subpoena to Jim Giles, which found that the documents sought from Giles were protected by the qualified reporter's privilege under New York law. Paxfire should not be allowed avoid the consequences of that ruling, which Paxfire did not appeal, by seeking the same documents from EFF. The Court also notes that there are no allegations in Paxfire's counterclaims that EFF participated in any way in the discussions between Feist's counsel and Jim Giles that led to the article in the New Scientist.

Finally, regarding communications between January and July 2011 about Poly NYU, the

9

Netalyzr and DNS Echo Experiments, these are likewise largely protected by Judge Cousins' decision to quash the subpoenas as to research and communications. Docket No. 30 at 10. Moreover, Paxfire has not shown the relevance of the documents it seeks to the claims in the underlying lawsuit. With respect to Feist's claims against Paxfire, Paxfire's own experts can demonstrate whether or not the Netalyzr (or other tools[6]) can be used to show that Paxfire's (or RCN's) conduct violates the ECPA. Paxfire does not address or explain how the discovery of EFF's communications regarding these three topics is relevant for Paxfire's counterclaims against Feist. Given the extremely limited relevance of the discovery sought, and since most of them are likely protected from discovery by Judge Cousins' order, the Court GRANTS the motion to quash the subpoenas as to Category 4 as unduly burdensome.[7]

For the foregoing reasons, EFF's motion for review is GRANTED and the remaining portions of the document subpoenas at issue are QUASHED.

**IT IS SO ORDERED.**

Dated: November 6, 2012

SUSAN ILLSTON
United States District Judge

---

[6] Paxfire does not mention PolyNYU or the DNS Echo Experiment in its counterclaims and does not address them or the relevance of these topics in either of its oppositions to EFF's motion to quash and motion for review. *See* Docket Nos. 21 & 35.

[7] In light of the Court's disposition of this motion, the Court need not reach the First Amendment and publisher privilege arguments raised by EFF. The Court has also considered and rejects Paxfire's arguments that by submitting a declaration in support of the motion to quash the subpoenas and by submitting a declaration in the underlying action on Feist's motion for sanctions, Eckersley and EFF have waived any otherwise applicable protections. *See* Docket No. 35. Declarations in support of a motion to quash or a motion for sanctions do not go to the merits of the claims alleged, and, therefore, cannot operate as a waiver for purposes of merits-based discovery.